UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE ROHRIG,

Plaintiff,

v.

ROBERT PRATT, JR., official capacity as Port Orchard's Post Master,

Defendant.

CASE NO. 20-5829 RJB

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on the United States' Motion to Dismiss Complaint (Dkt. 8) and the Plaintiff's motion for default judgment (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

Plaintiff, acting *pro se*, filed this case, asserting that while working at the post office, he was "discriminated against due to his veteran status," was improperly not being scheduled to work, was retaliated against when he threatened to report not being scheduled, and had his character defamed "under the US Torts Claims Act." Dkt. 1. He seeks "$10 million dollars in punitive and compensatory damages." *Id.*

The government now moves for dismissal of the case arguing that the Court does not have jurisdiction over the Defendant or the subject matter and that the Complaint fails to state a claim upon which relief can be granted. Dkt. 8. It argues that dismissal should be with prejudice because amendment would be futile. The Plaintiff opposes the motion and moves for default judgment. Dkt. 12. The government replied (Dkt. 13) and the motions are ripe for review.

For the reasons provided below, this Court does not have personal jurisdiction over the Defendant or subject matter jurisdiction over the Plaintiff's claims. Accordingly, the Court need not reach the government's remaining arguments. The government's motion should be granted and the case dismissed with prejudice. The Plaintiff's motion should be stricken as moot.

## DISCUSSION

### A. MOTION TO DISMISS FOR LACK OF JURISDICTION OVER THE DEFENDANT

Pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), a case may be dismissed for insufficient process and insufficient service of process. Under Fed. R. Civ. P. 4(i)(2), to serve a United States employee in their official capacity, as the Plaintiff has done here, the party must send a "copy of the summons and of the complaint by registered mail or certified mail" to that employee and serve the United States. To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Rule 4(i)(1).

The Plaintiff does not dispute that he failed to comply with Rule 4(i). He did not send Postmaster Pratt a copy of the summons and complaint contrary to Rule 4(i)(2). Further, while he sent a copy of the complaint to the United States Attorney's Office, the Plaintiff did not send a summons; he has also not sent a copy of the summons and complaint to the Attorney General of the United States contrary to Rule 4(i)(1).

Moreover, this is the second time the Plaintiff had a similar case dismissed for failure to properly serve the Defendant. On June 18, 2020, the Plaintiff's complaint in *Rohrig v. Pratt*, Western District of Washington case number 19-6113 BHS, was dismissed without prejudice for failure to properly serve Postmaster Pratt or the federal government. Dkt. 11. In that case, the Plaintiff made similar allegations against Postmaster Pratt as he does here. *Rohrig v. Pratt*, Western District of Washington case number 19-6113 BHS, Dkt. 1. The Plaintiff was notified of his obligations under Rule 4 and failed to comply, so the case was dismissed without prejudice.

The Plaintiff's case should be dismissed with prejudice for insufficient process and insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5). He was aware of the requirements of Rule 4 and did not follow them again.

**B. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

A complaint must be dismissed under Fed. R. Civ. P. 12 (b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12 (b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225.

1. Claims Pursuant to Federal Tort Claims Act

The Plaintiff references the "US Torts Claims Act," which should be construed as asserting claims under the Federal Tort Claims Act ("FTCA").

The FTCA is a limited waiver of sovereign immunity. 28 U.S.C. § 1346 (b). The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679 (b)(1). As a jurisdictional prerequisite, an FTCA action can only be instituted once an administrative claim is denied, either actually or constructively by the agency's failure to act upon the claim within six months. 28 U.S.C. § 2675(a). Thus, an FTCA action may not be maintained when the claimant fails to exhaust administrative remedies prior to filing suit. *McNeil v. United States*, 508 U.S. 206 (1993); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (statutory procedure is clear that a tort proceeding may not be commenced in court against the United States until the claim is conclusively denied or a lapse of six months without action); *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985) (claim requirement is jurisdictional in nature and may not be waived).

The Plaintiff failed to show that he exhausted his administrative remedies. To the extent that the Plaintiff is asserting tort claims, the claims should be dismissed without prejudice. It is unclear whether the Plaintiff could still file an administrative claim.

The Plaintiff's claim for defamation, however, should be dismissed with prejudice. The FTCA statutorily bars claims for defamation. 28 U.S.C. § 2680(h).

The United States has not waived sovereign immunity over the Plaintiff's FTCA claims. This Court lacks jurisdiction over them.

2. Whistleblower Protection Act and Uniformed Services Employment and Reemployment Act

To the extent that the Plaintiff is asserting claims under the Whistleblower Protection Act, 5 U.S.C. §1201, *et. seq*., the claim should be dismissed for lack of subject matter jurisdiction. There is no jurisdiction for a claim under the Whistleblower Act in the district court—exclusive jurisdiction lies with the Merit Systems Protection Board ("MSPB"). *Kerr v. Jewell*, 836 F.3d 1048, 1050 (9th Cir. 2016).

Similarly, there is no subject matter jurisdiction for Plaintiff's claims under the Uniformed Services Employment and Reemployment Act, 38 U.S.C. 4301, *et. seq*. against the federal government. Jurisdiction for those claims are in the MSPB and federal circuit. 38 U.S.C. § 4324. USERRA "does not authorize a private USERRA action against the federal government, as an employer, in federal district court; rather, it confers jurisdiction upon the [MSPB]." *Dew v. United States*, 192 F.3d 366, 372 (2nd Cir. 1999)(*citing* 38 U.S.C. § 4324(b)).

**C. CONCLUSION AND PLAINTIFFS' MOTION FOR DEFAULT**

The government's motion to dismiss should be granted. The Plaintiff has not shown that this Court has personal jurisdiction over the Defendant or subject matter jurisdiction over his

claims. The Plaintiff's motion for default judgment, filed in his response (Dkt. 12), should be stricken as moot.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, any attempt by Plaintiff to Complaint would be futile. He has not shown the Court has subject matter jurisdiction over the claims he has made and it is not clear that there is a cognizable legal theory which could be pled. Any attempts at repleading the facts would yield the same results. Leave to amend should be denied and this case should be dismissed.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- United States' Motion to Dismiss Complaint (Dkt. 8) **IS GRANTED**;
- The Plaintiff's motion for default judgment (Dkt. 12) **IS STRICKEN AS MOOT**; and
- This case **IS DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of November, 2020.

ROBERT J. BRYAN
United States District Judge